JS 44 (Rev 07/16)

# JHS   CIVIL COVER SHEET

17 0605

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Henry Sciortino

**DEFENDANTS**
Mack's Sport Shop, LLLP d/b/a Mack's Prairie Wings, 3M Company, Natural Gear, LLC a/k/a Natgear, and John Doe Manufacturer

**(b)** County of Residence of First Listed Plaintiff   Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Arkansas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pietro A. Barbieri, BARBIERI AND ASSOCIATES
657 Exton Commons, Exton, Pennsylvania 19341
(610) 280-7079

Attorneys *(If Known)*
See Attached

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441
Brief description of cause:
Personal injuries due to alleged defect in design and manufacture of wading boots.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
02/08/2017

SIGNATURE OF ATTORNEY OF RECORD

FEB - 8 2017

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**17      0605**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category or the case or the purpose or assignment to appropriate calendar.

Address of Plaintiff: 1547 Tanglewood Drive, West Chester, Pennsylvania

Address of Defendant: 2335 Highway 63 N., Stuttgart, Arkansas 72160 Mack's

Place of Accident, Incident or Transaction: Transaction – Arkansas

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No■

Does this case involve multidistrict litigation possibilities?          Yes☐   No■
RELATED CASE, IF ANY:

Case Number:_____   Judge_____   Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐   No■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐   No■

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No■

4. Is this case a second or successive habeas corpus, social security appeal, or prose civil rights case filed by the same individual?
          Yes☐   No■

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ■ Products Liability
8. ☐ Products Liability- Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____Anthony Pisciotti_____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 02/08/2017                        Attorney-at-Law                        70643
                                                                          Attorney J.D.#

FEB -8 2017

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/08/2017                        Attorney-at-Law                        70643
CIV. 609 (5/2012)                                                             Attorney J.D.#



**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**17     0605**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

CIVIL ACTION

Henry Sciortino

v.

Mack's Prairie Wings, 3M Corporation, Natural Gear, a/k/a Natgear, and John Doe, Manufacturer

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See§ 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus- Cases brought under 28 U.S.C. § 2241 through§ 2255.                    ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management  – Cases that do not fall into any one of the other tracks.      (X)

February 8, 2017                                                            Mack's Prairie Wings
**Date**                    **Attorney-at-law**                            **Attorney for**

**(973) 245-8100**          **(973) 245-8101**          apisciotti@pmlegalfirm.com

**Telephone**               **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

FEB -8 2017

# PISCIOTTI

# MALSCH

## COUNSELORS & LITIGATORS

Sender's email: apisciotti@pmlegalfirm.com

NEW JERSEY OFFICE
30 COLUMBIA TPK.
SUITE 205
FLORHAM PARK, NJ 07932
973-245-8100

NEW YORK OFFICE
445 HAMILTON AVE.
SUITE 1102
WHITE PLAINS, NY 10601
914-287-7711

WWW.PMLEGALFIRM.COM

February 8, 2017

**VIA FEDERAL EXPRESS**
Clerk's Office
U.S. District Court, ED of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

> **Re:**   **Sciortino v. Mack's Prairie Wings, et al.**
> **State Court Case No. 2017-00085-TT**

Dear Sir or Madam:

In connection with the above-referenced matter, enclosed please find the following on behalf of Defendant Mack's Sport Shop, LLLP d/b/a Mack's Prairie Wings ("Mack's"):

1. Civil Cover Sheet with Attachment;
2. Two (2) copies of the Case Management Track Designation Form;
3. Two (2) copies of Defendant Mack's Notice of Removal;
4. Exhibits A through F;
5. Two (2) copies of Mack's Rule 7.1 Corporate Disclosure Statement;
6. A Statement of Filing and Service of Removal;
7. Certificate of Service; and
8. A check to the Clerk in the amount of $411.00.

Kindly file the original and return the copy stamped "Filed" in the envelope provided.

Thank you for your attention to this matter. Please do not hesitate to call if you have any questions.

Very truly yours,

**PISCIOTTI MALSCH**

Anthony M. Pisciotti

Encls.

Anthony M. Pisciotti, Esq. (PA70643)
**PISCIOTTI MALSCH**
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
apisciotti@pmlegalfirm.com

**17      0605**

ATTORNEYS FOR DEFENDANT MACK'S SPORT SHOP, LLLP D/B/A MACK'S PRAIRIE WINGS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

HENRY SCIORTINO,

      Plaintiff,

vs.

MACK'S PRAIRIE WINGS, 3M
CORPORATION, NATURAL GEAR A/K/A
NATGEAR, AND JOHN DOE,
MANUFACTURER,

      Defendants.

Civ. No.:

FEB 0 8 2017

KATE BARKMAN, Clerk
          Dep. Clerk
By _____

**NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED**

     **PLEASE TAKE NOTICE** that Defendant Mack's Sport Shop, LLLP d/b/a Mack's Prairie

Wings ("Mack's" or "Defendant"), by and through its undersigned counsel, hereby submits this

Notice of Removal of the above-entitled action from the Court of Common Pleas, Chester County,

Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  By this

petition, Mack's gives notice of removal of this action.  This notice of, and petition for, removal

is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and is proper and appropriate based upon

the following:

**I.**     **INTRODUCTION.**

    1.     Mack's desires to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et*

*seq.*, to remove this case from the Court of Common Pleas, Chester County, Pennsylvania, where

this case is pending under the case style of <u>Henry Sciortino v. Mack's Prairie Wings, 3M</u>

1

Corporation, Natural Gear a/k/a Natgear, and John Doe, Manufacturer, Case Number 17-00085-TT ("Complaint"). Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2.     On or about January 3, 2017, Plaintiff Henry Sciortino ("Plaintiff") filed a Complaint, which asserted product defect claims for strict liability, negligence, and breach of warranty. (See Ex. A, Plt. Compl.) Plaintiff Sciortino alleges that he sustained personal injuries on January 6, 2015, as a result of a fall incident while wearing defective wading boots. (Id. at p. 3, ¶ 11.) Plaintiff specifically alleges that the wading boots being used at the time of the incident were defective, inherently unsafe, and/or inherently dangerous due to failure of the wading boots as a result of polyurethane hydrolysis. (Id. at p. 2, ¶ 1 and ¶ 4.)

3.     This action has not been tried.

4.     Defendant Mack's voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights by Mack's, including, but not limited to, defenses and objections to venue, personal jurisdiction, and any other defenses Defendant might have available to it. A responsive pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure.

5.     Mack's was served with a Summons and Complaint on January 10, 2017. Copies of all filed pleadings (the Complaint) are collectively attached as Exhibit B. (See Ex. B.)

Accordingly, copies of all proceedings, pleadings, and orders served have been attached to this Notice of Removal.

**II.      NOTICE OF REMOVAL IS TIMELY.**

6.      Mack's was served on January 10, 2017.  As such, this Notice of Removal is timely filed in accordance with the requirements of 28 U.S.C. § 1446(b) and Rule 12 of the Federal Rules of Civil Procedure.

**III.     ORIGINAL JURISDICTION EXISTS BECAUSE THE PARTIES ARE DIVERSE.**

7.      Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332 because (a) there is diversity of citizenship between Plaintiffs and the named defendants and (b) the amount in controversy exceeds $75,000.

**A.      Plaintiff and Defendants are Diverse.**

8.      Upon information and belief, and as alleged in the Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania.  (See Ex. A, Plt. Compl. at p. 2 ¶ 1.)

9.      At the commencement of this action, and at all times thereafter, Defendant Mack's has been and is a limited liability limited partnership formed in the State of Arkansas.  (See Ex. C, Entity Details.)  A limited partnership's citizenship is determined by the citizenship of their partners or members.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010).  At the time of the commencement of this action, and at all times thereafter, the three (3) partners of Mack's have all been, and are, citizens of Arkansas.  As such, Defendant Mack's is a citizen of the State of Arkansas.

10.      Upon information and belief, at the time of the commencement of this action, and at all times thereafter, Defendant 3M Company ("3M") is a Delaware corporation with a principal

place of business in the State of Minnesota. (See Ex. D, Entity Details.) See 28 U.S.C. §
1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been
incorporated and of the State where it has its principal place of business."). As such, Defendant
3M is a citizen of the States of Delaware and Minnesota.

11. Upon information and belief, at the time of the commencement of this action, and
at all times thereafter, Defendant Natural Gear, LLC ("Natgear") has been and is a limited liability
company formed in the State of Arkansas. (See Ex. E, Entity Details.) A limited liability
company's citizenship is determined by the citizenship of its members. Zambelli, 592 F.3d at 418.
At the time of commencement of this action, and at all times thereafter, one (1) principal of Natgear
is a citizen of Arkansans, and one (1) principal of Natgear is a citizen of Louisiana. As such,
Defendant Natgear is a citizen of the States of Arkansas and Louisiana.

12. Upon information and belief, at the time of the commencement of this action, and
at all times thereafter Plaintiff has named John Doe Manufacturer as a defendant, and that
defendant's citizenship is disregarded. The citizenship of John Doe defendants is disregarded for
purposes of determining whether the state court action is removable based on diversity of
citizenship. See Munsif v. Jefferson Hosp., 2016 U.S. Dist. LEXIS 101585 (E.D. Pa. Aug. 2,
2016). Nevertheless, under information and belief, the manufacturer, C.O. Lynch Enterprises, Inc.
is a Minnesota corporation with its principal place of business in Roseville, Minnesota.

13. Based on the foregoing, complete diversity of citizenship exists between Plaintiff
(Pennsylvania) and Defendants Mack's (Arkansas), 3M (Delaware and Minnesota), and Natgear
(Arkansas and Louisiana).

**B.      The Amount in Controversy Exceeds $75,000.**

14.     In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court.  Samuel-Bassett v. Kia Motors, Inc., 357 F.3d 392, 398-99 (3rd Cir. 2004).  Here, Plaintiff has not provided a numerical damages figure in his Complaint. (See Ex. A, Plt. Compl.)  When a plaintiff fails to allege a specific amount of damages in the complaint, a defendant bears the burden to demonstrate that the amount in controversy requirement has been met.  See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999); see also  Angus v. Shiley, Inc., 989 F.2d 142, 145-46 (3d Cir. 1993).

15.     Where a plaintiff claims to have sustained "serious, permanent injuries" in the complaint and requiring surgery, the amount in controversy requirement of $75,000 is met and jurisdiction is appropriate.  Bailey v. J.B. Hunt Transp., Inc., 2007 U.S. Dist. LEXIS 16941, at *24 (E.D. Pa. Mar. 8, 2007). Personal injury cases alleging "severe and permanent" injuries will typically be removable, and in order to remand the case, a plaintiff must prove to a legal certainty that the amount in controversy could not exceed $75,000.  See Fields v. Zubkov, 2008 U.S. Dist. LEXIS 124999, at *4 (D.N.J. Sept. 26, 2008).  For demands of indeterminate value, the amount in controversy is "not measured by the low end of an open-ended claim, but a reasonable reading of the value of the rights being litigated."  Angus, 989 F.2d at 146; see also Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).[1]

16.     Plaintiff alleges that he sustained a "serious substantial and permanent injury and damages" as a result of the underlying accident.  (See Ex. A, Plt. Compl. at p. 3, ¶ 11.)  Further,

---

[1] Additionally, "[a] Court generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000."  Avant v. J.C. Penney, 2007 U.S. Dist. LEXIS 44320, at *2 (D.N.J. June 19, 2007). Upon receipt of this claim, this office requested Plaintiff's counsel stipulate to capping damages at $75,000, which was rejected by counsel. Such a rejection is further persuasive evidence that the amount in controversy exceeds $75,000.  See The Bachman Co. v. MacDonald, 173 F. Supp. 2d 318, 323 (E.D. Pa. 2001).

Plaintiff specifically described injuries sustained which include: "'. . . quadriceps tendon rupture with cranial retraction of the tendon above the upper pole of the patella, associated partial tear of the medial patella retinaculum, complex tear of the posterior horn and body of the meniscus', which has since been surgically repaired." (Id. at p. 3, ¶ 17.)

17.    Based on the foregoing, the totality of the damages sought demonstrates that the amount in controversy threshold has been met.

## IV.    CONFORMITY WITH THE RULE OF UNANIMITY.

18.    The "rule of unanimity" requires that all the defendants to an action who have been served or otherwise properly joined in the action join in the removal or file a written consent to the removal.  See 28 U.S.C. 1446(b)(2)(A); see also Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 516 (2012).  Counsel for co-defendants 3M and Natgear have consented to this removal. (See Ex. F, Letters of Consent.)

## V.    REMOVAL TO THIS DISTRICT IS PROPER.

19.    Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from the Court of Common Pleas, Chester County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, which embraces the place where the action is pending.

## VI.    CONCLUSION.

20.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Prothonotary of Common Pleas, Chester County, Pennsylvania, as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

21.    Defendant Mack's reserves the right to amend or supplement this Notice of Removal, and Defendant reserves all defenses.

22.    Defendant requests a trial by jury.

6

**WHEREFORE,** Defendant Mack's prays that this case be removed from the Court of

Common Pleas, Chester County, Pennsylvania, to this Court for the exercise of jurisdiction over

this action as though this case had been originally instituted in this Court and that no further

proceedings be had in the Court of Common Pleas, Chester County, Pennsylvania.

Dated: Florham Park, New Jersey
       February 8, 2017

Respectfully submitted,

PISCIOTTI MALSCH

By:

Anthony M. Pisciotti, Esq. (PA70643)
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
Telephone: (973) 245-8100
Facsimile:  (973) 245-8101
apisciotti@pmlegalfirm.com

ATTORNEYS FOR DEFENDANT MACK'S SPORT SHOP,
LLLP D/B/A MACK'S PRAIRIE WINGS

Pietro A. Barbieri, Esquire
BARBIERI AND ASSOCIATES
657 Exton Commons
Exton, PA 19341
State Bar No. 28162
(610) 280-7078
Attorney for Plaintiff

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
|           PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Hwy 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
|           DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
|           DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
|           DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
|           DEFENDANT | : | |

## COMPLAINT

## INTRODUCTION

1

1. This action seeks damages and injunctive relief to redress Defendant's sale of defective, inherently unsafe, and/or inherently dangerous, Wading Boots.

**THE PARTIES**

2. Henry Sciortino, sue juris with his place of residence located at 1547 Tanglewood Drive, West Chester in the County of Chester in the Commonwealth of Pennsylvania.

3. The Defendant is Mack's Prairie Wings located at 2335 Hwy 63 North, Stuttgart, Arkansas 72160 is a foreign corporation conducting business in the Commonwealth of Pennsylvania and the United States via catalog sales and hold itself out as "Mack's Prairie Wings takes pride in being America's Premier Waterfowl Outfitter...". Pursuant to Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)

4. In October of 2016 it was determined that the failure of the wading boots was the result of polyurethane hydrolysis.

5. After repeated contacts with the Defendant Retailer, the Defendant retailer refused and continues to refuse to identify the manufacturer.

6. The Defendant is 3M Corporation located at 3M Center, St. Paul, MN 55144. Their logo and licensed brand appears on the said waders clearly indicating that they in conjunction and cooperation with the Defendant retailer designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

7. The Defendant is Natural Gear a/k/a Natgear located at 9823 Hilaro Springs Road, Little Rock, Arkansas 72209. Their logo and licensed brand appears on the said waders clearly indicating that they in conjunction and cooperation with the Defendant retailer designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

8. The Defendant is John Doe, Manufacturer that they in conjunction and in cooperation with the Defendant retailer designed, caused to be manufactured,

distributed and/or sold the Chest Wader and placed such product into the
market.

9. At all times, relevant hereto the Defendants named herein acted as agents and
servants of each other in full cooperation and with full knowledge of the actions
of the others.

## JURISDICTION AND VENUE

10. This Court has Jurisdiction and Venue over this action because this complaint
seeks damages for injuries that occurred in Pennsylvania, to a resident of Chester
County Pennsylvania caused by the Defendant who at all times "the defendants
purposefully avails(ed) themselves of the privilege of conducting activities
within the forum Commonwealth, thus invoking the benefits and protections of
its laws." pursuant to Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

## SUBSTANTIVE ALLEGATIONS

11. This action arises from Defendants course of conduct in designing,
manufacturing, distributing, and selling defective and/or inherently unsafe,
Chest Wader purchased from the Defendant, Mack's Prairie Wings, bearing the
NatGear, Thinsulate Ultra insulation and 1000G logos and the said wading boots
which caused serious substantial and permanent injury and damages to Plaintiff.

12. The Chest Wader is purportedly manufactured for, and in accordance with the
specifications of Defendants by the Defendant John Doe, Manufacturer, the
specific name of which has yet to be determined.

13. The Chest Wader contains a defect or inherently unsafe combination of materials
that were present in the Chest Wader at the time of manufacture.

14. Defendant knew or should have known since at least 1990 that polyurethane is
subject to failure due to hydrolysis nonetheless this Defendant, neither failed to
recall the Chest Wader nor otherwise warn consumers of the inherent danger

3

nor did they provide them with any remedy as is required by either statute or common law.

15. Plaintiff purchased Chest Wader from Defendant, Mack's Prairie Wings at there only retail location located at 2335 Hwy 63 North, Stuttgart, Arkansas 72160, sometime in 2009.

16. While using the Chest Wader as sold by Defendant the sole of the Wading Boot delaminated and partially separated causing the Plaintiff to fall down onto the rocky ground causing the injuries set out herein and other injuries to his person.

17. On January 6th, 2015 while using the Chest Wader Plaintiff in a manner prescribed by the Defendants suffered fall resulting in pain and discomfort, including left knee pain with tenderness and stiffness due to a reported, "...quadriceps tendon rupture with cranial retraction of the tendon above the upper pole of the patella, associated partial tear of the medial patella retinaculum, complex tear of the posterior horn and body of the medial meniscus...[1]", which has since been surgically repaired the 13th day of January, 2015. Such pain and discomfort continue to this day.

18. It was not until October of 2016 that the Plaintiff came to know that the delamination of the component parts of the boot was due to a chemical process called hydrolysis specifically: "Studies On Ageing Performance Of Some Novel Polyurethanes," a paper published in the *Journal of Chemical and Pharmaceutical Research* (PDF, S. Gopalakrishnan/T. Linda Fernando, 2011), that midsole "earthquake" known among polymer scientists as "ESC" — environmental stress cracking. "Poly (ester) urethanes and poly (ether) urethanes, which are widely used for long-term applications, have been shown to degrade under hydrolytic conditions and in oxidative environment respectively. In addition, ESC of polyurethanes is also another important way of polyurethane degradation.

---

[1] January 6, 2015 report of Premier Imaging by Jonathan Morgan, M.D. [Beta Stamped NH 113]

Degradation can lead to significant changes in the polymer mechanical properties, surface chemistry, and structure, leading to malfunction."

**COUNT I (STRICT LIABILITY)**

19. Plaintiff repeats the allegations set forth above in paragraphs 1 through 11 as if set forth herein in full.

20. Defendants, at all times, material to this action, designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

21. The defect in the Chest Wader designed, manufactured, distributed, and/or sold and or manufactured by Defendants are defective, inherently unsafe, and/or unreasonably dangerous.

22. The defective Chest Wader reached Plaintiff without substantial change in the condition in which the products were designed, caused to be manufactured, distributed, and/or sold by Defendants.

23. Defendants owed a duty of care to Plaintiff to design, caused to be manufacture, distribute and sell Chest Waders that were free from defects, inherently unsafe, and fit for their intended purposes.

24. Defendants breached this duty to Plaintiff by failing to sell Chest Wader that were free from defects, inherently unsafe, and unfit for their intended purposes.

25. Plaintiff used the Chest Wader in the manner that was intended and expected by the Defendant.

26. The defect, inherently unsafe, in the Chest Wader was the direct and proximate cause of the injury and damages suffered by Plaintiff.

**WHEREFORE,** Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

**COUNT II (NEGLIGENCE)**

27. Plaintiff repeats the allegations set forth above in paragraphs 1 through 26 as if set forth herein in full.

28. Defendants owed a duty to Plaintiff to design, manufacture, distribute and/or sell Chest Wader that were safe and to warn Plaintiff of any defects, inherently unsafe, in the Chest Wader

29. Defendant breached its duty to Plaintiff by designing, manufacturing, distributing and/or selling Chest Wader, that were defective, inherently unsafe, and by failing to warn them of such defect.

**WHEREFORE**, Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

**COUNT III (BREACH OF WARRANTY)**

30. Plaintiff repeats the allegations set forth above in paragraphs 1 through 29 as if set forth herein in full

31. The defendant is liable to the plaintiff for breaching express and implied warranties that it made regarding the adulterated product that the plaintiff purchased.

32. These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use.

33. Plaintiff alleges the Chest Wader that the defendant manufactured and sold would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

34. Plaintiff alleges the Chest Wader that the defendant manufactured and sold was not fit for the uses and purposes intended, i.e. hunting and fishing, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

6

35. As a direct and proximate cause of the defendant's breach of warranties, as set forth above, the plaintiff sustained injuries and damages in an amount to be determined at trial.

36. A breach of warranty claim arises under the law of contracts, where the law imposes certain "implied warranties" on the sale of goods. Such warranties include the warranty of merchantability (that the goods are in proper condition for use and free of defects, inherently unsafe), and the warranty of fitness for a particular purpose.

37. These warranties are called implied warranties because the law assumes that they apply even if they are not expressly stated.

38. If a product does not meet these standards, the purchaser may have the right to return it and get back the purchase price, or sometimes to receive monetary damages. The law of contracts covers economic loss caused by the breach of warranties in the sale of goods. The Uniform Commercial Code, Article 2, also deals with the sales of goods and the implied and express warranties of merchantability in the sales of goods §§ 2-314 and 2-315.

39. Defendant's breach caused Plaintiff to suffer damages as set forth herein.

**WHEREFORE,** Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

Respectfully submitted,

Pietro A. Barbieri, Esquire
Attorney for Plaintiff

7

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
|      PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Hwy 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
|      DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
|      DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
|      DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
|      DEFENDANT | : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

1   of 2

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS
OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

CHESTER COUNTY BAR ASSOCIATION
LAWYER REFERRAL SERVICE
15 WEST GAY STREET
WEST CHESTER, PA 19380
610-429-1500

Pietro A. Barbieri, Esquire
BARBIERI AND ASSOCIATES
657 Exton Commons
Exton, PA 19341
State Bar No. 28162
(610) 280-7078
Attorney for Plaintiff

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Hwy 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
| DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
| DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
| DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
| DEFENDANT | : | |

## COMPLAINT

## INTRODUCTION

1

1. This action seeks damages and injunctive relief to redress Defendant's sale of defective, inherently unsafe, and/or inherently dangerous, Wading Boots.

**THE PARTIES**

2. Henry Sciortino, sue juris with his place of residence located at 1547 Tanglewood Drive, West Chester in the County of Chester in the Commonwealth of Pennsylvania.

3. The Defendant is Mack's Prairie Wings located at 2335 Hwy 63 North, Stuttgart, Arkansas 72160 is a foreign corporation conducting business in the Commonwealth of Pennsylvania and the United States via catalog sales and hold itself out as "Mack's Prairie Wings takes pride in being America's Premier Waterfowl Outfitter…". Pursuant to Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)

4. In October of 2016 it was determined that the failure of the wading boots was the result of polyurethane hydrolysis.

5. After repeated contacts with the Defendant Retailer, the Defendant retailer refused and continues to refuse to identify the manufacturer.

6. The Defendant is 3M Corporation located at 3M Center, St. Paul, MN 55144. Their logo and licensed brand appears on the said waders clearly indicating that they in conjunction and cooperation with the Defendant retailer designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

7. The Defendant is Natural Gear a/k/a Natgear located at 9823 Hilaro Springs Road, Little Rock, Arkansas 72209. Their logo and licensed brand appears on the said waders clearly indicating that they in conjunction and cooperation with the Defendant retailer designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

8. The Defendant is John Doe, Manufacturer that they in conjunction and in cooperation with the Defendant retailer designed, caused to be manufactured,

2

distributed and/or sold the Chest Wader and placed such product into the market.

9. At all times, relevant hereto the Defendants named herein acted as agents and servants of each other in full cooperation and with full knowledge of the actions of the others.

## JURISDICTION AND VENUE

10. This Court has Jurisdiction and Venue over this action because this complaint seeks damages for injuries that occurred in Pennsylvania, to a resident of Chester County Pennsylvania caused by the Defendant who at all times "the defendants purposefully avails(ed) themselves of the privilege of conducting activities within the forum Commonwealth, thus invoking the benefits and protections of its laws." pursuant to Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

## SUBSTANTIVE ALLEGATIONS

11. This action arises from Defendants course of conduct in designing, manufacturing, distributing, and selling defective and/or inherently unsafe, Chest Wader purchased from the Defendant, Mack's Prairie Wings, bearing the NatGear, Thinsulate Ultra insulation and 1000G logos and the said wading boots which caused serious substantial and permanent injury and damages to Plaintiff.

12. The Chest Wader is purportedly manufactured for, and in accordance with the specifications of Defendants by the Defendant John Doe, Manufacturer, the specific name of which has yet to be determined.

13. The Chest Wader contains a defect or inherently unsafe combination of materials that were present in the Chest Wader at the time of manufacture.

14. Defendant knew or should have known since at least 1990 that polyurethane is subject to failure due to hydrolysis nonetheless this Defendant, neither failed to recall the Chest Wader nor otherwise warn consumers of the inherent danger

3

nor did they provide them with any remedy as is required by either statute or common law.

15. Plaintiff purchased Chest Wader from Defendant, Mack's Prairie Wings at there only retail location located at 2335 Hwy 63 North, Stuttgart, Arkansas 72160, sometime in 2009.

16. While using the Chest Wader as sold by Defendant the sole of the Wading Boot delaminated and partially separated causing the Plaintiff to fall down onto the rocky ground causing the injuries set out herein and other injuries to his person.

17. On January 6[th,] 2015 while using the Chest Wader Plaintiff in a manner prescribed by the Defendants suffered fall resulting in pain and discomfort, including left knee pain with tenderness and stiffness due to a reported, "…quadriceps tendon rupture with cranial retraction of the tendon above the upper pole of the patella, associated partial tear of the medial patella retinaculum, complex tear of the posterior horn and body of the medial meniscus…[1]", which has since been surgically repaired the 13th day of January, 2015. Such pain and discomfort continue to this day.

18. It was not until October of 2016 that the Plaintiff came to know that the delamination of the component parts of the boot was due to a chemical process called  hydrolysis specifically: "Studies On Ageing Performance Of Some Novel Polyurethanes," a paper published in the *Journal of Chemical and Pharmaceutical Research* (PDF, S. Gopalakrishnan/T. Linda Fernando, 2011), that midsole "earthquake" known among polymer scientists as "ESC" – environmental stress cracking. "Poly (ester) urethanes and poly (ether) urethanes, which are widely used for long-term applications, have been shown to degrade under hydrolytic conditions and in oxidative environment respectively. In addition, ESC of polyurethanes is also another important way of polyurethane degradation.

---

[1] January 6, 2015 report of Premier Imaging by Jonathan Morgan, M.D. [Beta Stamped NH 113]

4

Degradation can lead to significant changes in the polymer mechanical properties, surface chemistry, and structure, leading to malfunction."

## COUNT I (STRICT LIABILITY)

19. Plaintiff repeats the allegations set forth above in paragraphs 1 through 11 as if set forth herein in full.

20. Defendants, at all times, material to this action, designed, caused to be manufactured, distributed and/or sold the Chest Wader and placed such product into the market.

21. The defect in the Chest Wader designed, manufactured, distributed, and/or sold and or manufactured by Defendants are defective, inherently unsafe, and/or unreasonably dangerous.

22. The defective Chest Wader reached Plaintiff without substantial change in the condition in which the products were designed, caused to be manufactured, distributed, and/or sold by Defendants.

23. Defendants owed a duty of care to Plaintiff to design, caused to be manufacture, distribute and sell Chest Waders that were free from defects, inherently unsafe, and fit for their intended purposes.

24. Defendants breached this duty to Plaintiff by failing to sell Chest Wader that were free from defects, inherently unsafe, and unfit for their intended purposes.

25. Plaintiff used the Chest Wader in the manner that was intended and expected by the Defendant.

26. The defect, inherently unsafe, in the Chest Wader was the direct and proximate cause of the injury and damages suffered by Plaintiff.

**WHEREFORE,** Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

5

## COUNT II (NEGLIGENCE)

27. Plaintiff repeats the allegations set forth above in paragraphs 1 through 26 as if set forth herein in full.

28. Defendants owed a duty to Plaintiff to design, manufacture, distribute and/or sell Chest Wader that were safe and to warn Plaintiff of any defects, inherently unsafe, in the Chest Wader

29. Defendant breached its duty to Plaintiff by designing, manufacturing, distributing and/or selling Chest Wader, that were defective, inherently unsafe, and by failing to warn them of such defect.

**WHEREFORE,** Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

## COUNT III (BREACH OF WARRANTY)

30. Plaintiff repeats the allegations set forth above in paragraphs 1 through 29 as if set forth herein in full

31. The defendant is liable to the plaintiff for breaching express and implied warranties that it made regarding the adulterated product that the plaintiff purchased.

32. These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use.

33. Plaintiff alleges the Chest Wader that the defendant manufactured and sold would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

34. Plaintiff alleges the Chest Wader that the defendant manufactured and sold was not fit for the uses and purposes intended, i.e. hunting and fishing, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

6

35. As a direct and proximate cause of the defendant's breach of warranties, as set forth above, the plaintiff sustained injuries and damages in an amount to be determined at trial.

36. A breach of warranty claim arises under the law of contracts, where the law imposes certain "implied warranties" on the sale of goods. Such warranties include the warranty of merchantability (that the goods are in proper condition for use and free of defects, inherently unsafe), and the warranty of fitness for a particular purpose.

37. These warranties are called implied warranties because the law assumes that they apply even if they are not expressly stated.

38. If a product does not meet these standards, the purchaser may have the right to return it and get back the purchase price, or sometimes to receive monetary damages. The law of contracts covers economic loss caused by the breach of warranties in the sale of goods. The Uniform Commercial Code, Article 2, also deals with the sales of goods and the implied and express warranties of merchantability in the sales of goods §§ 2-314 and 2-315.

39. Defendant's breach caused Plaintiff to suffer damages as set forth herein.

**WHEREFORE**, Plaintiffs pray for judgment on Count I, II and III of their Complaint against the Defendants jointly and severally in an amount that is fair and reasonable, for costs, and for any other relief the Court deems proper.

Respectfully submitted,

Pietro A. Barbieri, Esquire
Attorney for Plaintiff

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Why 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
| DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
| DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
| DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
| DEFENDANT | : | |

## VERIFICATION

I, Henry Sciortino, hereby verify that the facts set forth in the forgoing pleading are true and correct to the best of my knowledge, information and belief.

The forgoing statement is made subject to the penalties of 18 Pa. § 4904 relating to unsworn falsification to authorities.

1   of 2

Respectfully submitted,

Pietro A. Barbieri, Esq.
**For Plaintiff**
BARBIERI AND ASSOCIATES
657 Exton Commons
Exton, PA 19341
(610) 280-7078

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Hwy 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
| DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
| DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
| DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
| DEFENDANT | : | |

## CERTIFICATE OF SERVICE

I, Pietro A. Barbieri, Esquire do hereby certify that on the 3rd day of January, 2017, I

caused to be served a Complaint, upon the following:

MACK'S PRAIRIE WINGS
2335 Hwy 63 North

---

Stuggart, Arkansas 72160

and

3M CORPORATAION
3M Center
St. Paul, MN 55144

and

NATURAL GEAR A/K/A NATGEAR
9823 Hilaro Springs Road
Little Rock, Arkansas 72209

Date: 3rd day of January, 2017

Respectfully submitted

Pietro A. Barbieri, Esquire
Barbieri and Associates
657 Exton Commons
Exton, PA 19341
610-280-7078

# IN THE COURT OF COMMON PLEAS
# CHESTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SCIORTINO | : | |
| 1547 Tanglewood Drive | : | CASE: _____ |
| West Chester, PA 19382 | : | |
| PLAINTIFF | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MACK'S PRAIRIE WINGS | : | |
| 2335 Hwy 63 North | : | |
| Stuggart, Arkansas 72160 | : | |
| DEFENDANT | : | |
| and | : | |
| 3M CORPORATION | : | |
| 3M Center | : | |
| St. Paul, MN 55144 | : | |
| DEFENDANT | : | |
| and | : | |
| NATURAL GEAR A/K/A NATGEAR | : | |
| 9823 Hilaro Springs Road | : | |
| Little Rock, Arkansas 72209 | : | |
| DEFENDANT | : | |
| and | : | |
| JOHN DOE, MANUFACTURER | : | |
| DEFENDANT | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

Kindly enter the appearance of Pietro A. Barbieri, Esquire on the behalf of Plaintiff,

Henry Sciortino. Papers, process, and notice in this case may be served at the address indicated

below:

Pietro A. Barbieri, Esq.

Barbieri and Associates

657 Exton Commons, Exton, PA 19341

Phone: 610-280-7078 Fax: 484-252-2575 E-mail peterlaw@PaCivillaw.com

I hereby certify that this change is not intended to, nor will it, delay this proceeding to the best of my knowledge, information, and belief.

Date: 3rd of January, 2017

Respectfully submitted,

Pietro A. Barbieri, Esquire
PA I.D. # 28162
BARBIERI AND ASSOCIATES

2  OF  2

Arkansas Secretary of State                                      Page 1 of 1



**ARKANSAS
SECRETARY OF STATE**
*Mark Martin*

*Search Incorporations, Cooperatives, Banks and Insurance Companies*

Printer Friendly Version
LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | MACK'S SPORT SHOP, LLLP |
| Fictitious Names | MACK'S PRAIRIE WINGS |
| Filing # | 100212407 |
| Filing Type | Limited Liability Limited Partnership |
| Filed under Act | Domestic LLLP; 912 of 1997 |
| Status | Good Standing |
| Principal Address | 2335 HWY 63 N. STUTTGART, AR 72160 |
| Reg Agent | ERIC CHIN |
| Agent Address | 2335 HWY 63 NORTH |
| | STUTTGART, AR 72160 |
| Date Filed | 04/24/2002 |
| Officers | MARION MCCOLLUM , Incorporator/Organizer CHARLES LOCK JR, General Partners GINGER HOLLADAY , General Partners MARION MCCOLLUM , General Partners |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Purchase a Certificate of Good Standing for this Entity**       **Pay Franchise Tax for this corporation**

Business Filing Details                                                              Page 1 of 3

## Business Record Details »

Minnesota Business Name
### 3M COMPANY

**Business Type**
  Business Corporation (Foreign)

**File Number**
  6051

**Filing Date**
  08/06/1929

**Renewal Due Date**
  12/31/2017

**Registered Agent(s)**
  C T Corporation System Inc

**MN Statute**
  303

**Home Jurisdiction**
  Delaware

**Status**
  Active / In Good Standing

**Registered Office Address**
  1010 Dale St N
  St Paul, MN 55117–5603
  USA

**Chief Executive Officer**
  Inge Thulin
  3M Center
  St Paul, MN 55144–1000
  USA

**Filing History**

# Filing History

**Select the item(s) you would like to order:**   Order Selected Copies

| | **Filing Date** | **Filing** | **Effective Date** |
|---|---|---|---|
| ☐ | 08/06/1929 | Original Filing - Business Corporation (Foreign) | |
| ☐ | 08/06/1929 | Amendment - Business Corporation (Foreign) | |
| | 08/06/1929 | Business Corporation (Foreign) Business Name (Business Name: Minnesota Mining and Manufacturing Company) | |



**ARKANSAS
SECRETARY OF STATE**
*Mark Martin*

*Search Incorporations, Cooperatives, Banks and Insurance Companies*

Printer Friendly Version
LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | NATURAL GEAR, LLC |
| Fictitious Names | |
| Filing # | 800062824 |
| Filing Type | Limited Liability Company |
| Filed under Act | Domestic LLC; 1003 of 1993 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | JOHN B. PEACE |
| Agent Address | 425 W CAPITOL AVE , SUITE 3700 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 07/12/2005 |
| Officers | SEE FILE, Incorporator/Organizer<br>E. SMITH , CPA, Tax Preparer |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Purchase a Certificate of Good Standing for this Entity**        **Pay Franchise Tax for this corporation**



**PISCIOTTI**

**MALSCH**

COUNSELORS & LITIGATORS

NEW JERSEY OFFICE
30 COLUMBIA TPK.
SUITE 205
FLORHAM PARK, NJ 07932
973-245-8100

NEW YORK OFFICE
445 HAMILTON AVE.
SUITE 1102
WHITE PLAINS, NY 10601
914-287-7711

PMLEGALFIRM.COM

February 2, 2017

**VIA ELECTRONIC MAIL**

Anthony R. Sherr, Esq.
Sherr Law Group
101 West Airy Street, Suite 100
Norristown, PA 19401
tsherr@sherrlawgroup.com

Basil (Bill) DiSipio, Esq.
Lavin, Oneil, Cedrone & DiSipio
190 North Independence Mall West,
Suite 500
Philadelphia, PA 19106
BDiSipio@lavin-law.com

> **Re:**   **Sciortino v. Mack's Prairie Wings, et al.**
> **Our File No.:**          **3760.19**

Dear Counselors:          3M Company

Pursuant to our recent discussions, please allow this letter to confirm that your clients, Defendants 3M Corp. and Natural Gear a/k/a Natgear, consent and agree to the removal of this matter from The Court of Common Pleas, Chester County to Federal Court, likely the Eastern District of Pennsylvania, under diversity jurisdiction. Please sign this letter on the following page indicating your clients' consent and agreement to removal.

Thank you and please let me know if you have any questions.

Very truly yours,

**PISCIOTTI MALSCH**

Ryan L. Erdreich

*Sciortino v. Mack's Prairie Wings, et al.*
*Page 2 of 2*

**Read, Agreed and Accepted:**

Anthony R. Sherr, Esq. on behalf of
Defendant Natural Gear a/k/a Natgear

Signature: _____

Name: _____

Date: _____

**Read, Agreed and Accepted:**

Basil DiSipio, Esq. on behalf of
Defendant 3M ~~Corp.~~ COMPANY

Signature: *Basil A B*

Name: *BASIL A. DISIPIO*

Date: *2/2/17*

# PISCIOTTI MALSCH



# PISCIOTTI
## MALSCH
### COUNSELORS & LITIGATORS

NEW JERSEY OFFICE
30 COLUMBIA TPK
SUITE 205
FLORHAM PARK, NJ 07932
973-245-8100

NEW YORK OFFICE
445 HAMILTON AVE
SUITE 1102
WHITE PLAINS, NY 10601
914-287-7711

PMLEGALFIRM.COM

February 2, 2017

**VIA ELECTRONIC MAIL**

Anthony R. Sherr, Esq.
Sherr Law Group
101 West Airy Street, Suite 100
Norristown, PA 19401
tsherr@sherrlawgroup.com

Basil (Bill) DiSipio, Esq.
Lavin, Oneil, Cedrone & DiSipio
190 North Independence Mall West,
Suite 500
Philadelphia, PA 19106
BDiSipio@lavin-law.com

> **Re:   Sciortino v. Mack's Prairie Wings, et al.**
> **Our File No.:          3760.19**

Dear Counselors:

Pursuant to our recent discussions, please allow this letter to confirm that your clients, Defendants 3M Corp. and Natural Gear a/k/a Natgear, consent and agree to the removal of this matter from The Court of Common Pleas, Chester County to Federal Court, likely the Eastern District of Pennsylvania, under diversity jurisdiction. Please sign this letter on the following page indicating your clients' consent and agreement to removal.

Thank you and please let me know if you have any questions.

Very truly yours,

**PISCIOTTI MALSCH**

Ryan L. Erdreich

*Sciortino v. Mack's Prairie Wings, et al.*
*Page 2 of 2*

**Read, Agreed and Accepted:**

Anthony R. Sherr, Esq. on behalf of
Defendant Natural Gear a/k/a Natgear

Signature: _____

Name: _Anthony R. Sherr_

Date: _2|2|2017_


**Read, Agreed and Accepted:**

Basil DiSipio, Esq. on behalf of
Defendant 3M Corp.

Signature: _____

Name: _____

Date: _____

PISCIOTTI MALSCH



Anthony M. Pisciotti, Esq. (PA70643)
**PISCIOTTI MALSCH**
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
apisciotti@pmlegalfirm.com

**17   0605**

ATTORNEYS FOR DEFENDANT MACK'S SPORT SHOP, LLLP D/B/A MACK'S PRAIRIE WINGS

**UNITED STATES DISTRICT COURT FILED**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FEB 08 2017

HENRY SCIORTINO,

Plaintiff,

vs.

MACK'S PRAIRIE WINGS, 3M
CORPORATION, NATURAL GEAR A/K/A
NATGEAR, AND JOHN DOE,
MANUFACTURER,

Defendants.

Civ. No.:   **KATE BARKMAN, Clerk**
                    **By _____ Dep. Clerk**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant Mack's Sport Shop, LLLP d/b/a Mack's Prairie
Wings ("Mack's" or "Defendant"), hereby certifies that, on the 8th day of February 2017, the
Notice of Removal, Exhibits A through F, Civil Cover Sheet with attachment, the Designation
Form, a Case Management Track Form, Statement of Filing, Service of Removal, and Rule 7.1
Corporate Disclosure Statement were filed via Federal Express Courier and copies of the foregoing
have been served upon the following persons via United States First Class Mail, postage prepaid:

Pietro A. Barbieri, Esq.
BARBIERI AND ASSOCIATES
657 Exton Commons
Exton, PA 19341
*Counsel for Plaintiff*

1

Anthony R. Sherr, Esq.
SHERR LAW GROUP
101 West Airy Street, Suite 100
Norristown, PA 19401
tsherr@sherrlawgroup.com
*Counsel for Defendant National Gear, LLC*

Basil DiSipio, Esq.
LAVIN, O'NEIL, CEDRONE & DISIPIO
190 North Independence Mall West, Suite 500
Philadelphia, PA 19106
bdisipio@lavin-law.com
*Counsel for Defendant 3M Company*

Dated: Florham Park, New Jersey
      February 8, 2017

                By:   s/ Anthony M. Pisciotti
                     Anthony M. Pisciotti, Esq. (PA70643)
                     **PISCIOTTI MALSCH**
                     30 Columbia Turnpike, Suite 205
                     Florham Park, New Jersey 07932
                     Telephone:  (973) 245-8100
                     Facsimile:   (973) 245-8101
                     apisciotti@pmlegalfirm.com

                     ATTORNEYS FOR DEFENDANT MACK'S SPORT SHOP,
                     LLLP D/B/A MACK'S PRAIRIE WINGS



Anthony M. Pisciotti, Esq. (PA70643)
**PISCIOTTI MALSCH**
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
apisciotti@pmlegalfirm.com

**17    0605**

ATTORNEYS FOR DEFENDANT MACK'S SPORT SHOP, LLLP D/B/A MACK'S PRAIRIE

**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FEB 0 8 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

HENRY SCIORTINO,

      Plaintiff,

  vs.

MACK'S PRAIRIE WINGS, 3M
CORPORATION, NATURAL GEAR A/K/A
NATGEAR, AND JOHN DOE,
MANUFACTURER,

      Defendants.

Civ. No.:

**STATEMENT OF FILING AND**
**SERVICE OF REMOVAL**

The undersigned counsel for Defendant Mack's Sport Shop, LLLP d/b/a Mack's Prairie

Wings hereby certifies that pursuant to 28 U.S.C. § 1446(d), on the 8th day of February 2017, the

Notice of Removal was filed with the Prothonotary Court of Common Pleas, Chester County, and

a copy of the Notice of Removal was served on Plaintiff's counsel.

Dated: Florham Park, New Jersey
      February 8, 2017

                By:   s/ Anthony M. Pisciotti
                      Anthony M. Pisciotti, Esq. (PA70643)

1